577 S.E.2d 209

**In the Matter of James Ray WESTMORELAND, Respondent.**

**No. 25589.**

Supreme Court of South Carolina.

Submitted Dec. 31, 2002.

Decided Feb. 3, 2003.

Henry B. Richardson, Jr. and James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

John J. McKay, Jr., of Hilton Head Island, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the issuance of an admonition or a public reprimand. We accept the agreement and find a public reprimand is the appropriate sanction. The facts, as set forth in the agreement, are as follows.

### Facts

Bright Acres Associates was a partnership consisting of the following four equal partners: John Leutwiler, Henry Massey, John Brainard, and Leo Zabinski. The partnership was created in 1980 in order to buy, renovate, and sell thirty apartments and approximately twenty-six acres of land on Hilton Head Island. Respondent prepared the partnership agreement, which expressly provided for arbitration of all controversies or claims arising out of the partnership agreement. However, notice of the arbitration clause was not typed in underlined capital letters or rubber-stamped prominently on the face of the partnership agreement as required by the South Carolina Arbitration Act, S.C.Code Ann. § 15–48–10(a) (Supp.2002). *See Zabinski v. Bright Acres Associates,* 346 S.C. 580, 553 S.E.2d 110 (2001).

Respondent represented the partnership, or individual partners, between 1980 and 1991, in matters involving (1) the acquisition of property, (2) Brainard's assignment of his interest to his children, and (3) Massey's agreement to purchase Leutwiler's 25% interest in Bright Acres. Respondent prepared the Massey/Leutwiler agreement.

In 1990, Leutwiler sued Massey over a dispute concerning the obligations, terms, and conditions of the sale document respondent had drafted for Leutwiler. Respondent represented Leutwiler (and later, Leutwiler's Estate) in this suit, and

that litigation continued for over ten years. Respondent failed to disclose his involvement to Massey and obtain Massey's consent prior to commencing the litigation on behalf of Leutwiler.

In 1998, Zabinski and Brainard brought an action against Bright Acres, Massey and the Leutwiler Estate to compel arbitration pursuant to the arbitration clause in the partnership agreement. Respondent filed an answer, counterclaim, cross-claim and third-party complaint on behalf of the Leutwiler Estate claiming the arbitration clause in the partnership agreement he prepared was not valid under section 15–48–10. At no time did respondent consult Zabinski, Brainard or Massey about conflicts of interest arising from his representation of the Leutwiler Estate nor did he obtain their consent to proceed against them.

When it became apparent respondent would be required to testify in the trial of the matter both as a witness to some events and as a party-defendant to others, he failed to withdraw from representation of the Leutwiler Estate. On September 21, 2000, an order was issued disqualifying respondent from further participation as attorney for the Leutwiler Estate. That order was affirmed by this Court. *Zabinski v. Bright Acres Associates,* Op. No. 2001–MO–050 (S.C. filed September 4, 2001).

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2(c) (a lawyer may limit the objectives of the representation if the client consents after consultation); Rule 1.2(e) (when a lawyer knows a client expects assistance not permitted by the Rules of Professional Conduct, the lawyer shall consult with the client regarding relevant limitations on the lawyer's conduct); Rule 1.7 (a lawyer shall not represent a client if the representation of that client is directly adverse to another client or it may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests); Rule 1.8(b) (a lawyer shall not use information relating to representation of a client to the disadvantage of the client

unless the client consents after consultation); Rule 1.9(a) (a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation); Rule 1.9(c) (a lawyer who has formerly represented a client in a matter shall not thereafter use information relating to the representation to the disadvantage of the former client); Rule 3.7 (a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct) and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### Conclusion

We find that a public reprimand is the appropriate sanction in this case. We do so after considering the mitigating circumstances, including respondent's belief that his involvement in representing the partnership itself was so limited as to not create a conflict, his efforts to find substitute counsel for the Leutwiler Estate after determining there was a conflict, and his reluctance to abandon his client, as well as the fact that the litigation at issue did have some legitimate basis. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.